IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JIMMY DALE HEWITT, JR., #09428-043**                    **PETITIONER**

**VERSUS**                       **CIVIL ACTION NO. 5:10-cv-192-DCB-JMR**

**UNITED STATES OF AMERICA, et al.**                 **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on December 6, 2010. As directed, Petitioner filed a Response [3] on January 28, 2011, providing additional information concerning his request for habeas relief. Upon review of the Petition [1], Response [3], and entire Court record, along with the applicable case law, the Court has reached the following conclusions.

**I. Background**

On December 11, 2008, Petitioner was convicted of unauthorized access device fraud in violation of 18 U.S.C. § 1029(a)(3) and aggravated identity theft in violation of 18 U.S.C. § 1028A, by the Southern District of Mississippi, Jackson Division. *See United States v. Hewitt*, 3:07-cr-184-TSL-LRA (S.D. Miss. Dec. 11, 2008). Petitioner was sentenced to serve 48 months in the custody of the Bureau of Prisons. *Id.*

Petitioner claims that he is unconstitutionally imprisoned because 18 U.S.C. § 3231, which establishes that federal district courts have jurisdiction over criminal offenses, was not properly enacted. Therefore, this district court did not have jurisdiction to convict and sentence him and the Bureau of Prisons does not have the authority to incarcerate him. Specifically,

Petitioner claims that "the 1947 vote on the Bill was without quorum, in violation of the quorum clause of the Constitution." Pet. [1] at 2. As relief, Petitioner is asking this Court to overturn his conviction, expunge his criminal history and immediately release him from custody. *Id*. at 7.

## II. Analysis

Initially, the Court notes that a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The proper vehicle for challenging errors that "occurred during or before sentencing" is a motion pursuant to § 2255. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997)(citations omitted). As the Fifth Circuit has observed "[a] petition for a writ of habeas corpus pursuant to section 2241 is not a substitute for a motion under section 2255." *Pack*, 218 F.3d at 452 (internal quotations and citation omitted). Petitioner's claim that this Court as the sentencing court was without jurisdiction to convict him of a crime and sentence him to a term of imprisonment, clearly attacks the validity of his federal conviction and sentence.[1] Since any alleged constitutional violations regarding the jurisdiction of the sentencing court would have

---

[1] Numerous sentencing courts have entertained identical challenges to the validity of 18 U.S.C. § 3231, although ultimately finding the claim to be frivolous. *See Laroque v. United States,* No. 2:05-cv-104, 2007 WL 1652260, *2 (D.N.D. June 7, 2007)(denying relief under § 2255 stating, "[t]he Court's research shows other pro se petitioners have made this exact argument. All Courts, no less than eighteen, have held the contention is frivolous."); *see also, e.g.*, *United States vs. Risquet,* 426 F.Supp. 2d 310, 311-12 (E.D. Pa. 2006)(denying a defendant's repeated *pro se* motions to dismiss his indictment for drug distribution charges, finding "the amendments and statutes relied upon for jurisdiction in this case were properly enacted and are binding.").

"occurred during or before sentencing," such claims are not the properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.). The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner Hewitt bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901; *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Petitioner contends that jurisdictional claims can be raised at any time and have "no procedural block or time bar." Pet. [1] at 3. Petitioner relies in part on a purported memorandum from the Director of the Bureau of Prisons, Harley G. Lappin, to support his claim for habeas relief.[2] However, Petitioner's claims are clearly not "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent

---

[2]The referenced memorandum discusses challenges to the validity of 18 U.S.C. § 3231 in relation to the BOP's administrative remedy program.

offense" that was "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion" as required to proceed under the savings clause. *Reyes-Requena*, 243 F.3d at 904. Therefore, since Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. *See DeCarlo v. Hollingsworth*, No. 10-481, 2010 WL 5135883, at *2 (S.D. Ill. Dec. 10, 2010)(determining that a § 2241 petition could not be maintained based on the argument that 18 U.S.C. § 3231 has not been properly enacted into law); *see also Campbell v. Gonzalez*, No. 07-cv-36, 2007 WL 1035021, at *4 (E.D. Ky. Mar. 29, 2007)("Since the current challenge that the BOP's authority to hold prisoners for service of their sentences purportedly arose in 1948, there is little likelihood that any petitioner raising such a claim can meet this inadequate or ineffective standard.").

    As noted above, this Court is in the district where Petitioner is confined and is also Petitioner's sentencing court. Thus, § 2241 actions as well as initial § 2255 motions are properly filed in this district. *See Pack*, 218 F.3d at 451; *Ojo*, 106 F.3d at 683. Considering the fact that Petitioner clearly filed this petition for habeas corpus relief under § 2241, in conjunction with the cases cited in footnote one of this Opinion, the Court will not direct that the instant Petition be filed otherwise. *See Pack*, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either *be dismissed* or construed as a section 2255 motion.")(emphasis added). If Petitioner wishes to pursue his request for relief in the form of a motion to vacate under § 2255, that should be filed in his criminal case, 3:07-cr-184, which is in the Jackson Division of this Court, before Petitioner's sentencing judge, the Honorable Tom S. Lee.

## III. Conclusion

As explained above, Petitioner's claims are not properly pursued under § 2241 and Petitioner has not met the requirements to proceed under the "savings clause."  Therefore, Petitioner's claims asserted in this § 2241 Petition for habeas relief will be dismissed, with prejudice, as frivolous.  *See Baucum v. Walker*, No. 03-60037, 2003 WL 21756797, *1 (5th Cir. June 24, 2003)(affirmed with prejudice dismissal by sentencing court of § 2241 petition asserting claims properly pursued under § 2255); *see also Ojo*, 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous").

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the ___11th___ day of July, 2011.

           ___s/ David Bramlette___
           UNITED STATES DISTRICT JUDGE